No. 314

WEBER v. STATE

Ohio Appeals, 1st Dist., Clermont Co.

No. 87. Decided Feb. 21, 1927

223. CHANGE OF VENUE—Overruling of motion for change of venue may be reviewed only when the court has abused its discretion.

683. JURY—Challenge to the array should be made prior to the impaneling of the jury.

333. CRIMINAL LAW—Where shot is fired with criminal intent at one person and another person nearby is hit, conviction on an indictment averring the shooting of the latter with intent, is good.

**First Publication of this Opinion**

BUCHWALTER, J.

John Weber was indicted and tried on a charge of murder in the first degree, in the Clermont Common Pleas. The jury returned a verdict, of guilty as charged with a recommendation of mercy and sentence was imposed.

Numerous errors were assigned in the Court of Appeals in error proceedings and the court in affirming the judgment of the lower court held:

1. Affidavits were filed on behalf of Weber in support of a motion for change of venue, by virtue of 13636 GC. "In this view it vests in the court the duty of determining by affidavit for or against the motion whether or not such change of venue should be made; and this vests in the court a discretion which can only be reviewed when abused." Lingafelter v. State, 8 C. C. (n.s.) 537.

2. An examination of the affidavits does not show that there was any abuse of discretion in the refusal of the court to grant a change of venue and therefore the action of the court in the ruling on said motion was not erroneous.

3. It appears that four persons were drawn as jurors but that they never appeared as jurors in said cause, and there was no return of service on them made by the sheriff; and that these four persons were never brought into court. The record does not disclose that any objection was made at any time, in this connection, during examination of jurors named in special venires nor was the cou. requested to have these persons summoned, o to issue a capias therefor.

4. A challenge to the array was made after defendant had exercised all peremptory challenges, and just before the jury was sworn. The challenge to the array should have been presented, under 11436 GC., prior to the impaneling of the jury. Ickes v. State, 16 C. C. 31 at pg. 36.

5. "Irregularities on part of ministerial officers in summoning and impaneling jurors will be disregarded by reviewing courts, unless it is shown that one or more of the accepted jurors did not possess the requisite qualifications to act as jurors." Long v. State, 109 OS. 77. There is nothing in the record to show that any juror did not possess the requisite qualifications.

6. The indictment charges that defendant unlawfully, purposely, etc., shot his daughter Elizabeth Weber. The proof shows that the shot was fired with the intent to kill defendant's wife, Margaret Weber. It is urged, therefore, that there is a variance between the charge laid in the indictment and the proof.

7. "Where a pistol shot, discharged with criminal intent at one person, wounds another, who is at the time known to be in such position or proximity that his injury may be reasonably apprehended—a conviction on an indictment averring the shooting of the latter with intent, is good - - -." Callahan v. State, 21 OS. 306.

8. In regard to error claimed in that the court overruled a challenge for cause, it has repeatedly been held that where a juror on his examination, states that he has formed an opinion, but later says that, if selected, he will render a fair and impartial verdict, and if the court by its examination, believes he would be an impartial juror, a challenge for cause should be overruled. 17 O. C. C. (n.s.) 380; 69 OS. 215.

Judgment affirmed.

(Hamilton, PJ., & Cushing, J., concur.)

Attorneys—N. G. Cover and George D. Murphy for Weber; Carl Z. Garland, Eli H. Speidel and Hugh L. Nichols for State; all of Batavia.